UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TEWOLDE YONANNES,
    Petitioner,

vs.

IMMIGRATION CUSTOM &
ENFORCEMENT, et al.,
    Respondents.

Case No. 1:16-cv-757

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on respondents' motion to dismiss (Doc. 4), to which petitioner has not responded.[1] For the reasons stated below, it is recommended that the motion be granted.

On July 15, 2016, petitioner, a native and citizen of Sudan, filed a petition for habeas corpus challenging his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a February 19, 2009 removal order. (Doc. 1). Petitioner was taken into ICE custody on or about January 7, 2016. Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[2] Petitioner seeks immediate release from custody. (Doc. 1 at PageID 6).

On August 31, 2016, respondents filed a motion to dismiss this action for lack of jurisdiction. According to respondents, petitioner has been released from ICE custody pursuant to an Order of Supervision. In support of the motion, respondents include the Declaration of Luke Affholter, a Deportation Officer for the Enforcement and Removal Office of ICE.

---

[1] On July 22, 2016, the Court issued an Order for respondents to respond to the allegations of the petition, which was also mailed to petitioner. The mail sent to petitioner was returned to the Court marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (Doc. 3).

[2] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Affholter attests that petitioner was released from ICE custody on July 27, 2016 pursuant to an Order of Supervision, which is attached to the Declaration along with an ICE Release Notification. (*See* Doc. 4 Ex. 1, Affholter Declaration at PageID 27–33). In light of petitioner's release from custody, respondents contend that the petition should be dismissed as moot.

Respondents' motion should be granted. Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[3] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner does not challenge his February 19, 2009 removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's July 27, 2016 release pending removal renders this action moot and deprives the Court of jurisdiction. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1

---

[3] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

2

(W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012). Therefore, because petitioner has been released on an Order of Supervision and has obtained the relief requested in the petition, the undersigned recommends that respondents' motion to dismiss (Doc. 4) be GRANTED and the petition be dismissed as moot.

**IT IS SO RECOMMENDED.**

Date: 11/3/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TEWOLDE YONANNES,
    Petitioner,

vs.

IMMIGRATION CUSTOM &
ENFORCEMENT, et al.,
    Respondents.

Case No. 1:16-cv-757

Dlott, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).